IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**VINCENT TRAN,**                                    06-CV-1810-BR

        **Plaintiff,**

                                                          OPINION AND ORDER

**v.**

**TYCO ELECTRONICS,
CORPORATION, A foreign
business corporation
registered in Pennsylvania,
DBA TYCO ELECTRONICS
PRECISION INTERCONNECT,**

        **Defendant.**


**VINCENT TRAN**
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

        Plaintiff, *Pro Se*

**EVA SHIH HERRA**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709

        Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to FRCP 12(b)(6) (#3). For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

The following facts are taken from the Complaint:

Plaintiff is a 41-year-old Vietnamese man who is missing most of his left arm from the elbow down.

Defendant hired Plaintiff as a Senior CAD Operator in 1992. From 1992 through 2002 Plaintiff received promotions and/or raises and reached the position of Design/Drafter. At some point in January 2003 following a merger of Tyco Health Care with Tyco Electronics, Defendant demoted Plaintiff from Design/Drafter to Senior CAD Operator. On January 16, 2003, Plaintiff complained to Defendant that he was the only employee in his group to be demoted from Design/Drafter to Senior CAD Operator, and he believed it was because of his race or age. Although Defendant told Plaintiff the Design/Drafter position did not have a corresponding job description or title at Tyco Electronics, Defendant continued to employ most of Plaintiff's former Design/Drafter peers in positions titled Design/Drafter until at least September 2003. Defendant also sought to fill positions titled Design/Drafter at its Wilsonville location on April 24,

2004, and June 11, 2004,[1] by advertising on its intranet site. Defendant filled both of these positions with Caucasians who were not disabled and who were younger than Plaintiff.

In September 2005, Defendant transferred Plaintiff to its Documentation Department.

On May 4, 2006, Plaintiff filed a complaint simultaneously with the Oregon Bureau of Labor and Industries (BOLI) and the Equal Employment Opportunity Commission (EEOC).  On August 2, 2006, BOLI mailed Plaintiff a 90-day notice letter. On September 26, 2006, the EEOC mailed Plaintiff a 90-day notice letter.

On December 19, 2006, Plaintiff filed a Complaint seeking damages on the grounds that Defendant violated (1) Title VII, 42 U.S.C. § 200e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statutes § 659A.030 when it demoted Plaintiff.  Plaintiff also alleges a claim for intentional infliction of emotional distress (IIED) based on his demotion.

On January 29, 2007, Defendant filed a Motion to Dismiss Plaintiff's claims for violation of Title VII and Oregon Revised Statutes § 659A.030 as untimely and to dismiss Plaintiff's claim

---

[1] Although Plaintiff alleges in his Complaint that Defendant advertised the position of Design/Drafter on the intranet on June 11, 2005, Plaintiff alleges in his BOLI complaint that the date was June 11, 2004.  Based on the facts of this case, the Court finds Plaintiff intended in his Complaint to refer to June 11, 2004, as the date of the advertisement.

3 - OPINION AND ORDER

for intentional infliction of emotional distress for failure to state a claim.

### STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party.  *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

In *Parrino v. FHP, Inc.*, however, the court held "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."  146 F.3d 699, 706 (9th Cir. 1998), *abrogated on other grounds by Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006).  In addition, the court noted district courts may "consider documents "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"  *Id*. at 705 (quoting *Branch v. Tunnell*,

4 - OPINION AND ORDER

14 F.3d 449, 454 (9th Cir. 1994)).  The court extended this premise to allow the district court to "apply this rule to documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint, [and noted] such an extension is supported by the policy concern underlying the rule:  Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."  *Id*. (citation omitted).

When a plaintiff appears *pro se*, the court "must construe liberally [the plaintiff's] inartful pleading."  *Ortez v. Wash. County,* 88 F.3d 804, 807 (9th Cir. 1996).  A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Before dismissing a *pro se* litigant's complaint, the "*pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint cannot be cured by amendment.'"  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Lab.,* 622 F.2d 458, 460 (9th Cir. 1980)(*per curiam*)).  If a *pro se* litigant is given leave to amend the complaint, the court must set out the

complaint's deficiencies to assist the litigant in avoiding repetition of his or her errors. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims under Title VII and Oregon Revised Statutes § 659A.030 as untimely. Defendant also moves to dismiss Plaintiff's claim for IIED for failure to state a claim.

### I.  Plaintiff's Title VII Claim

Title VII contains two time limitations within which a plaintiff must file an administrative charge with the EEOC: (1) within 180 days of the last act of discrimination or (2) within 300 days from the last act of discrimination if a plaintiff first commenced proceedings with a "[s]tate or local agency with authority to grant or seek relief from such practice."  42 U.S.C. § 2000e-5(e)(1).

In his Complaint, Plaintiff alleges he was demoted in early January 2003 in violation of Title VII.  As noted, Plaintiff filed a joint complaint with BOLI and the EEOC on May 4, 2006, more than 300 days after Defendant demoted Plaintiff. Plaintiff's claim based on his demotion, therefore, is untimely.

In his Response to Defendant's Motion to Dismiss, however, Plaintiff asserts his transfer to the Documentation Department in

6 - OPINION AND ORDER

September 2005 also is grounds for his Title VII claim. Defendant, in turn, notes in its Reply that Plaintiff did not assert in his BOLI/EEOC complaint that his transfer to the Documentation Department was a basis for his discrimination claims.

In his BOLI/EEOC complaint, Plaintiff alleges Defendant demoted him, did not hire him for the open Design/Drafter positions, reduced his pay level, and singled him out for work-performance issues. The Ninth Circuit has held this Court may not consider a plaintiff's charge of discrimination unless the allegations "fell within the scope of the EEOC's actual investigation or an EEOC investigation can reasonably be expected to grow out of the charge of discrimination." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). Here Plaintiff's allegations could not reasonably lead the EEOC to discover or to investigate his transfer to the Documentation Department. The Court, therefore, concludes on this record that Plaintiff's transfer is not a basis for a Title VII claim in this action.

Accordingly, the Court grants Defendant's Motion to Dismiss as to Plaintiff's Title VII claim.

**II. Plaintiff's § 659A.030 Claim**

Oregon Revised Statutes § 659A.030 provides in pertinent part: "It is an unlawful employment practice: . . . (b) For an

7 - OPINION AND ORDER

employer, because of an individual's race, religion, color, sex, [or] national origin . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

>Oregon Revised Statutes § 659A.875, however, requires:
>
>>(1) a civil action . . . alleging an unlawful employment practice must be commenced within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed [with BOLI] under ORS 659A.820.
>>
>>(2) A person who has filed a complaint under ORS 659A.820 must commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant.

Plaintiff did not file this action within one year of his demotion.  Plaintiff, however, filed a joint complaint with BOLI and the EEOC in accordance with the requirements of Oregon Revised Statutes § 659A.820.  BOLI mailed Plaintiff a 90-day notice letter on August 2, 2006.  Plaintiff filed this action on December 19, 2006, which was 140 days after BOLI sent the 90-day notice letter; *i.e.*, Plaintiff did not file his Complaint in this matter within the 90 days required under § 659A.875.

Although the EEOC did not mail Plaintiff a 90-day notice letter until September 26, 2006, Oregon courts have held in a number of cases that a plaintiff's claims under § 659A are time-barred when filed more than 90 days after the mailing of the BOLI notice letter even if those claims were filed less than 90 days after receiving an EEOC notice letter.  For example, the

8 - OPINION AND ORDER

plaintiff in *Snook v. Rabold* filed a complaint with BOLI and the EEOC alleging violations of Oregon Revised Statutes § 659A.030 and Title VII.  No. CV 06-849-MO, 2006 WL 2934274, at *2 (D. Or. Oct. 12, 2006).  BOLI mailed the plaintiff a 90-day notice letter on July 7, 2005, and the plaintiff received a 90-day notice letter from the EEOC on August 9, 2005.  *Id.*, at *2, *8.  On October 7, 2005, the plaintiff filed a civil action in federal court alleging violations of § 659A.030 and Title VII.  The court, nevertheless, held the plaintiff's claim under § 659A was barred by § 659A.875(2) because it was filed 92 days after BOLI mailed its 90-day notice letter even though the plaintiff's Title VII claim was deemed timely because it was filed within 90 days of the EEOC's notice letter.  *Id.*, at *8.  *See also Davis v. Team Elec. Co.,* No. CV-01-1752-ST, 2004 WL 1382660, at *3 (D. Or. June 18, 2004).

The Court, therefore, concludes Plaintiff's claim for discrimination pursuant to § 659A.030 is untimely under § 659A.875(2) because Plaintiff did not file it within 90 days of the date BOLI sent his 90-day notice letter.

Accordingly, the Court grants Defendant's Motion to Dismiss as to this claim.

### III. Plaintiff's Claim for IIED

In order to bring a claim for IIED, Plaintiff must show Defendant intended to inflict severe emotional distress on

9 - OPINION AND ORDER

Plaintiff, Defendant's actions were the cause of severe emotional distress, and Defendant's acts constituted an "extraordinary transgression of the bounds of socially tolerable conduct." *Dallal v. Burger King Corp.*, 1995 WL 747438, at *2 (D. Or. Apr. 17, 1995 )(citation omitted).  *See also McGanty v. Staudenrous*, 321 Or. 532, 550 (1995).

"It is the defendant['s] acts, rather than [its] motives, that must be outrageous." *Dallal*, 1995 WL 747438, at *2 (citations omitted).  "The conduct must be 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  *Id.*, at *3.  Insults, harsh or intimidating words, and rude behavior do not ordinarily result in liability.  *Hall v. May Dep't Stores*, 292 Or. 131, 135 (1981), *abrogated on other grounds by McGanty*, 321 Or. 532 (1995).  Employer conduct that is "rude, boorish, tyrannical, churlish, and mean" is similarly not actionable.  *Watte v. Edgar Maeyens, Jr.*, 112 Or. App. 234, 239 (1992)(internal quotation omitted).  Here Plaintiff has not pled any acts or conduct by Defendant that are outside the bounds of socially tolerable conduct.

In addition, Oregon courts have held the act of termination, even if wrongfully motivated, is not sufficient to state an IIED claim.  *Madani v. Kendall Ford, Inc.*, 312 Or. 198, 204-05, 818 P.2d 930 (1991), *abrogated on other grounds by McGanty*, 321 Or.

10 - OPINION AND ORDER

532 (1995).  Thus, Plaintiff's demotion alone is not a sufficient basis for an IIED claim.  Accordingly, the Court grants Defendant's Motion to Dismiss with respect to this claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss (#3).  Because Plaintiff appears *pro se*, however, the Court grants Plaintiff leave to amend his Complaint to cure the deficiencies as set out in this Opinion and Order no later than May 24, 2007.

IT IS SO ORDERED.

DATED this 24th day of April, 2007.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER