IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**VINCENT TRAN,**                                    06-CV-1810-BR

        Plaintiff,

                                                           OPINION AND ORDER

v.

**TYCO ELECTRONICS,
CORPORATION, A foreign
business corporation
registered in Pennsylvania,
DBA TYCO ELECTRONICS
PRECISION INTERCONNECT,**

        Defendant.


**VINCENT TRAN**
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

        Plaintiff, *Pro Se*

**LEAH S. SMITH**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709


1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

    Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6) (#26). For the reasons that follow, the Court **GRANTS** Defendant's Motion.

### BACKGROUND

    The following facts are taken from Plaintiff's Amended Complaint:

    Plaintiff is a 41-year-old Vietnamese man who is missing most of his left arm from the elbow down.

    Defendant hired Plaintiff as a Senior CAD Operator in 1992. From 1992 through 2002 Plaintiff received promotions and/or raises and reached the position of Design/Drafter. At some point in January 2003 following a merger of Tyco Health Care with Tyco Electronics, Defendant demoted Plaintiff from Design/Drafter to Senior CAD Operator.

    On January 14, 2003, Plaintiff complained to Human Resources that he was the only employee in his group to be demoted from

2 - OPINION AND ORDER

Design/Drafter to Senior Drafter.  On January 16, 2003, Plaintiff complained to his Supervisor that Plaintiff believed he was demoted because of his race or age.  Both Human Resources and Plaintiff's supervisor told Plaintiff that he was not demoted.  Defendant advised Plaintiff that the new company did not have a position that corresponded to Design/Drafter, and, therefore, Plaintiff was made a Senior Drafter.  Nevertheless, Plaintiff notes Defendant continued to employ most of Plaintiff's former peers in positions titled Design/Drafter until at least September 2003.  Moreover, Defendant also sought to fill positions titled Design/Drafter at its Wilsonville location on April 24, 2004, and June 11, 2004, by advertising on its intranet site.  Plaintiff did not apply for either of these positions.  Defendant filled both of the positions with Caucasians who were not disabled and who were younger than Plaintiff.

     In September 2005, Defendant transferred Plaintiff to its Documentation Department.

     On May 4, 2006, Plaintiff filed a complaint simultaneously with the Oregon Bureau of Labor and Industries (BOLI) and the Equal Employment Opportunity Commission (EEOC).  On August 2, 2006, BOLI mailed Plaintiff a 90-day notice letter.  On September 26, 2006, the EEOC mailed Plaintiff a 90-day notice letter.

     On December 19, 2006, Plaintiff filed a Complaint seeking

damages on the grounds that Defendant violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statutes § 659A.030 when it demoted Plaintiff.  Plaintiff also alleged a claim for intentional infliction of emotional distress (IIED) based on his demotion.

On January 29, 2007, Defendant filed a Motion to Dismiss Plaintiff's claims for violation of Title VII and Oregon Revised Statutes § 659A.030 as untimely and to dismiss Plaintiff's claim for intentional infliction of emotional distress for failure to state a claim.

On April 24, 2007, the Court issued an Opinion and Order granting Defendant's Motion on the grounds that (1) Plaintiff's Title VII claim based on his demotion was untimely, (2) Plaintiff's § 659A.030 claim was untimely, and (3) Plaintiff's demotion alone was insufficient to state a claim for intentional infliction of emotional distress.  Because Plaintiff appeared *pro se*, the Court granted Plaintiff leave to amend his Complaint to attempt to cure the deficiencies noted in the Court's Opinion and Order.

On July 31, 2007, Plaintiff filed an Amended Complaint in which he again alleges Defendants violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statutes § 659A.030 when it demoted Plaintiff.  Plaintiff also alleges claims for IIED and negligent infliction of emotional

distress (NIED) arising from his demotion as well as a claim for fraud based on allegations that Defendant falsely represented to Plaintiff that he was not demoted.

On August 17, 2007, Defendant filed a Motion to Dismiss Plaintiff's fraud claim and Plaintiff's claims for violation of Title VII and Oregon Revised Statutes § 659A.030 as untimely and to dismiss Plaintiff's claims for IIED and NEID for failure to state a claim.

## **STANDARDS**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party.  *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

In *Parrino v. FHP, Inc.*, however, the court held "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."  146 F.3d 699, 706

5 - OPINION AND ORDER

(9th Cir. 1998), *abrogated on other grounds by Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006).  In addition, the court noted district courts may "consider documents "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"  *Id*. at 705 (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).  The court extended this premise to allow the district court to "apply this rule to documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint, [and noted] such an extension is supported by the policy concern underlying the rule:  Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."  *Id*. (citation omitted).

When a plaintiff appears *pro se*, the court "must construe liberally [the plaintiff's] inartful pleading."  *Ortez v. Wash. County,* 88 F.3d 804, 807 (9th Cir. 1996).  A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Before dismissing a *pro se* litigant's complaint, the "*pro se*

litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint cannot be cured by amendment.'"  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980)(*per curiam*)).  If a *pro se* litigant is given leave to amend the complaint, the court must set out the complaint's deficiencies to assist the litigant in avoiding repetition of his or her errors.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

## DISCUSSION

Defendant moves to dismiss Plaintiff's fraud claim and claims for violation of Title VII and Oregon Revised Statutes § 659A.030 as untimely and to dismiss Plaintiff's claims for IIED and NEID for failure to state a claim.

### I.   Plaintiff's Title VII Claim

In his Amended Complaint, Plaintiff alleges Defendant violated Title VII when it demoted Plaintiff.

Title VII contains two time limitations within which a plaintiff must file an administrative charge with the EEOC: (1) within 180 days of the last act of discrimination or (2) within 300 days from the last act of discrimination if a plaintiff first commenced proceedings with a "[s]tate or local agency with authority to grant or seek relief from such

7 - OPINION AND ORDER

practice."  42 U.S.C. § 2000e-5(e)(1).

In his Complaint, Plaintiff alleged he was demoted in early January 2003 in violation of Title VII.  As noted, Plaintiff filed a joint complaint with BOLI and the EEOC on May 4, 2006, more than 300 days after Defendant demoted Plaintiff.  The Court, therefore, concluded in its April 24, 2007, Opinion and Order that Plaintiff's claim based on his demotion was untimely.

In his Response to Defendant's Motion to Dismiss the Amended Complaint, Plaintiff asserts his Title VII claim based on his demotion is not untimely because "the effect of [his] demotion continue[s] on indefinitely."  In essence, Plaintiff contends his demotion is a continuing violation.  With respect to the analogous adverse action of termination, however, the Ninth Circuit, has concluded termination is a discrete act rather than a continuing violation.  *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 238 (9th Cir. 1991)(court held termination to be a discrete act that did not trigger the continuing-violation doctrine).  This Court concludes Plaintiff's alleged demotion is a similarly discrete act, and, the Court, therefore, declines to construe Plaintiff's demotion as a continuing violation.

Plaintiff also contends he did not know he was demoted until his transfer in September 2005, and, therefore, his claim for violation of Title VII did not accrue until September 2005.

8 - OPINION AND ORDER

Plaintiff's contention, however, is belied by the allegations in his Amended Complaint. In his Amended Complaint, Plaintiff asserts: "On January of 2003, through his 2002 performance review copy [*sic*] Tran found out Tyco demoted Tran, and only Tran from a Design/Drafter to a Senior Drafter." Am. Compl. at ¶ 8. Plaintiff also asserts he complained to Human Resources and to his Supervisor about his demotion in January 2003. Plaintiff also contends Defendant continued to employ some of Plaintiff's peers as Design/Drafters as late as September 2003. Thus, viewing the allegations of Plaintiff's Amended Complaint as true, Plaintiff has alleged he knew about his demotion in January 2003 or had reason to know about it no later than September 2003. As noted, however, Plaintiff filed a joint complaint with BOLI and the EEOC on May 4, 2006, more than 300 days after September 2003. The Court, therefore, concludes Plaintiff's Title VII claim is untimely.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's Title VII claim.

**II.    Plaintiff's § 659A.030 Claim**

In his Amended Complaint, Plaintiff alleges Defendant violated Oregon Revised Statutes § 659A.030 when Defendant demoted him. Plaintiff did not respond to Defendant's Motion to Dismiss with respect to Plaintiff's § 659A.030 claim.

Oregon Revised Statutes § 659A.030 provides in pertinent

9 - OPINION AND ORDER

part: "It is an unlawful employment practice: . . . (b) For an employer, because of an individual's race, religion, color, sex, [or] national origin . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

>Oregon Revised Statutes § 659A.875, however, requires:
>
>>(1) a civil action . . . alleging an unlawful employment practice must be commenced within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed [with BOLI] under ORS 659A.820.
>>
>>(2) A person who has filed a complaint under ORS 659A.820 must commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant.

Plaintiff did not file this action within one year of his demotion. Plaintiff, however, filed a joint complaint with BOLI and the EEOC in accordance with the requirements of Oregon Revised Statutes § 659A.820. BOLI mailed Plaintiff a 90-day notice letter on August 2, 2006. Plaintiff filed this action on December 19, 2006, which was 140 days after BOLI sent the 90-day notice letter; *i.e.*, Plaintiff did not file his Complaint in this matter within the 90 days required under § 659A.875.

Although the EEOC did not mail Plaintiff a 90-day notice letter until September 26, 2006, other courts in this District have held in a number of cases that a plaintiff's claims under § 659A are time-barred when filed more than 90 days after the mailing of the BOLI notice letter even if those claims were filed

10 - OPINION AND ORDER

less than 90 days after receiving an EEOC notice letter. For example, the plaintiff in *Snook v. Rabold* filed a complaint with BOLI and the EEOC alleging violations of Oregon Revised Statutes § 659A.030 and Title VII. No. CV 06-849-MO, 2006 WL 2934274, at *2 (D. Or. Oct. 12, 2006). BOLI mailed the plaintiff a 90-day notice letter on July 7, 2005, and the plaintiff received a 90-day notice letter from the EEOC on August 9, 2005. *Id.*, at *2, *8. On October 7, 2005, the plaintiff filed a civil action in federal court alleging violations of § 659A.030 and Title VII. The court, nevertheless, held the plaintiff's claim under § 659A was barred by § 659A.875(2) because it was filed 92 days after BOLI mailed its 90-day notice letter even though the plaintiff's Title VII claim was deemed timely because it was filed within 90 days of the EEOC's notice letter. *Id.*, at *8. *See also Davis v. Team Elec. Co.,* No. CV-01-1752-ST, 2004 WL 1382660, at *3 (D. Or. June 18, 2004).

This Court, therefore, concludes Plaintiff's claim for discrimination pursuant to § 659A.030 is untimely under § 659A.875(2) because Plaintiff did not file his claim within 90 days of the date that BOLI sent his 90-day notice letter.

Accordingly, the Court grants Defendant's Motion to Dismiss as to this claim.

### III. Plaintiff's Claim for Fraud

Plaintiff contends Defendant intended to defraud and to

11 - OPINION AND ORDER

deceive him into believing that he had not been demoted. Plaintiff alleges in January 2003, Defendant's Human Resources department and Plaintiff's supervisor told him that he was not demoted. Plaintiff asserts these representations were false and that Defendant knew them to be false at the time.

Defendant asserts Plaintiff's fraud claim is barred by the applicable statute of limitations because Plaintiff commenced his claim more than two years after he discovered or reasonably could have discovered the alleged fraud.

Oregon Revised Statutes § 12.110(1) provides:

> An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.

"A fraud is discovered when a plaintiff learns either of the misrepresentation itself or of facts sufficient to 'excite attention and put [the plaintiff on] guard or call for an inquiry, if reasonable inquiry would then reveal the fraud." *Bodunov v. Kutsev*, 214 Or. App. 356, 359 (2007)(quoting *Mathies v. Hoeck*, 284 Or. 539, 542-43 (1978)).

In his Response to Defendant's Motion, Plaintiff asserts he did not discover Defendant's alleged fraud until he was transferred in September 2005. As noted, however, Plaintiff alleges in his Amended Complaint that he learned in January 2003

12 - OPINION AND ORDER

through his 2002 performance review that he had been demoted. Plaintiff also alleges he complained to Human Resources and to his supervisor about his demotion in January 2003, and his former peers continued to be employed as Design/Drafters as late as September 2003.  Finally, Plaintiff alleges Defendant posted job openings for Design/Drafter on its company intranet in April and June 2004.  These allegations are sufficient to establish that Plaintiff either learned about "the misrepresentation itself or of facts sufficient to excite attention and put [the plaintiff on] guard or call for an inquiry" by June 2004 at the latest. Plaintiff, however, did not file this action until December 2006, which is more than two years after he had sufficient facts to be aware of any  alleged fraud.

Accordingly, the Court concludes Plaintiff's claim for fraud is barred by the applicable statute of limitations.

**IV. Plaintiff's Claim for IIED**

As the Court noted in its April 24, 2007, Opinion and Order, in order to bring a claim for IIED Plaintiff must allege facts that show

> "(1) the defendant intended to inflict severe
> emotional distress on the plaintiff, (2) the
> defendant's acts were the cause of the plaintiff's
> severe emotional distress, and (3) the defendant's
> acts constituted an extraordinary transgression of
> the bounds of socially tolerable conduct."

*Babick v. Oregon Arena Corp.,* 333 Or. 401, 411 (2002)(quoting *McGanty v. Staudenrous*, 321 Or. 532, 550 (1995)).

13 - OPINION AND ORDER

"It is the defendant['s] acts, rather than [its] motives, that must be outrageous." *Dallal* v. *Burger King*, Civ. No. 94-909-AS, 1995 WL 747438, at *2 (D. Or. Apr. 17, 1995). "The conduct must be 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id*., at *3. Insults, harsh or intimidating words, and rude behavior do not ordinarily result in liability. *Hall v. May Dep't Stores*, 292 Or. 131, 135 (1981), *abrogated on other grounds by McGanty*, 321 Or. 532 (1995). Employer conduct that is "rude, boorish, tyrannical, churlish, and mean" is similarly not actionable. *Watte v. Edgar Maeyens, Jr.*, 112 Or. App. 234, 239 (1992)(internal quotation omitted). Here Plaintiff has not pled any acts or conduct by Defendant that are outside the bounds of socially tolerable conduct.

In addition, Oregon courts have held the act of termination, even if wrongfully motivated, is not sufficient to state an IIED claim. *Madani v. Kendall Ford, Inc*., 312 Or. 198, 204-05, 818 P.2d 930 (1991), *abrogated on other grounds by McGanty*, 321 Or. 532 (1995).

In his Amended Complaint, Plaintiff does not allege any acts other than those related to his demotion as a basis for his claim of IIED. Plaintiff's demotion alone, however, is not a sufficient basis for an IIED claim.

14 - OPINION AND ORDER

Accordingly, the Court grants Defendant's Motion to Dismiss with respect to this claim.

## V. Plaintiff's Claim for NIED

"Generally, a person cannot recover for negligent infliction of emotional distress if the person is not also physically injured, threatened with physical injury, or physically impacted by the tortious conduct."  *Lockett v. Hill*, 182 Or. App. 377, 380 (2002).  Here Plaintiff did not allege he was physically injured, threatened with physical injury, or physically impacted by Defendant's actions.

Accordingly, the Court grants Defendant's Motion to Dismiss with respect to Plaintiff's NIED claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss (#3).

IT IS SO ORDERED.

DATED this 7th day of December, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER