IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VINCENT TRAN,                                    06-CV-1810-BR

        Plaintiff,

                                         OPINION AND ORDER

v.

TYCO ELECTRONICS,
CORPORATION, A foreign
business corporation
registered in Pennsylvania,
DBA TYCO ELECTRONICS
PRECISION INTERCONNECT,

        Defendant.


VINCENT TRAN
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

        Plaintiff, *Pro Se*

EVA SHIH HERRA
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709

        Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Protective Order (#53) for Plaintiff's Medical Record and Privacy; Defendant Tyco Electronics Corporation's Motion to Compel Discovery (#56); and Plaintiff's Motion to Compel (#51) Defendant Tyco Electronics Corporation's Response to Plaintiff Vincent Tran's Motion to Compel Production and Interrogatories.

For the reasons that follow, the Court **DENIES** Plaintiff's Motion for Protective Order, **GRANTS in part** and **DENIES in part** Tyco's Motion to Compel, and **DENIES** Plaintiff's Motion to Compel.

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (#53) AND TYCO'S MOTION TO COMPEL (#56)

Plaintiff's Motion for Protective Order and Tyco's Motion to Compel both relate to Defendant's request for Plaintiff's mental-health treatment records.  Specifically, Tyco seeks an order directing Plaintiff to identify any mental-health professionals from whom Plaintiff has sought treatment or evaluation within the last ten years and directing Plaintiff to execute releases to allow Tyco to subpoena those mental-health professionals.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence.  The Court, however, may issue a protective

order to prevent discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26©)(1).

Plaintiff contends his mental-health treatment records are protected by doctor/patient privilege. Plaintiff, therefore, seeks an order prohibiting Tyco from obtaining any of Plaintiff's mental-health records. Although the Supreme Court recognized the psychotherapist-patient privilege in *Jaffee v. Redmond*, it did not address whether the privilege is waived by a plaintiff who places his or her medical condition at issue. 518 U.S. 1, 15 (1996). The Ninth Circuit has not addressed the issue as to when a patient waives his or her psychotherapist/patient privilege, but the Eight Circuit has noted

> [n]umerous courts since *Jaffee* have concluded that, similar to attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue. *See Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997); *Vann v. Lone Star Steakhouse & Saloon, Inc.*, 967 F. Supp. 346, 349-50 (C.D. Ill. 1997); *EEOC v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1142 (E.D. Mo.1997); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 225 (D.N.J. 2000); *but see Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 225-30 (D. Mass. 1997) (declining to find waiver where plaintiff sought emotional distress damages).

*Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). The Eighth Circuit found the cited cases persuasive and concluded the plaintiff in *Schoffstall* waived the psychotherapist-patient

3 - OPINION AND ORDER

privilege when she placed her medical condition at issue.   *Id*.

The United States District Court for the Central District of California reached a similar conclusion in *Speaker ex rel. Speaker v. County of San Bernardino*, 82 F. Supp. 2d 1105 (C.D. Cal. 2000).   The court noted the majority of courts that have addressed the issue of waiver of the psychotherapist-patient privilege

> have adopted a broad interpretation of waiver. Those courts have held that by placing his/her mental state at issue, even through a claim in the pleadings of damages for emotional distress, the patient/litigant at that point waives his/her psychotherapist/patient privilege as to all communications between him/her and the psycho-therapist on the mental state which will be an issue in the litigation.

*Id*. at 1118 (citations omitted).

The Court adopts the reasoning of these cases and concludes Plaintiff waived any psychotherapist/patient or doctor/patient privilege because he placed his psychological state at issue in this action by seeking damages for emotional distress.   The Court finds it would be unfair to allow Plaintiff to proceed with a claim for emotional-distress damages without giving Tyco an opportunity to prepare its defense with information that may be relevant to Plaintiff's alleged emotional and psychological condition.   Accordingly, the Court denies Plaintiff's Motion for Protective Order.

Nevertheless, the Court declines to require Plaintiff to

4 - OPINION AND ORDER

sign a release allowing Tyco to subpoena the medical records sought by Tyco without first allowing Plaintiff the opportunity to produce those records himself.  The Court, therefore, directs Plaintiff to identify for Tyco any mental-health professionals from whom Plaintiff has sought treatment or evaluation within the past ten years.  The Court further directs Plaintiff to produce for Tyco a complete copy of the medical records of Plaintiff's treatment by those mental-health professionals **no later than June 9, 2008**.

If Plaintiff does not produce the records of his treatment by mental-health professionals by June 9, 2008, the Court will permit Tyco to subpoena Plaintiff's records directly from those mental-health professionals.

## PLAINTIFF'S MOTION TO COMPEL (#51)

Plaintiff seeks an order compelling Tyco to respond to a number of Plaintiff's Interrogatories and Requests for Production of Documents.

Local Rule 37.1 requires a party to set out in motions to compel the pertinent interrogatory, request, response, and/or objection together with the legal arguments of the party. Plaintiff, however, did not set out the interrogatories or requests for production at issue.  Because Plaintiff has not complied with Local Rule 37.1, it is not possible for the Court

5 - OPINION AND ORDER

to analyze either Plaintiff's requests or Tyco's responses.

Accordingly, the Court denies Plaintiff's Motion to Compel.


## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for Protective Order (#53) and **DENIES** Plaintiff's Motion to Compel (#51).  The Court **GRANTS in part** and **DENIES in part** Tyco's Motion to Compel (#56) as follows:

1.  Plaintiff shall identify for Tyco any mental-health professionals from whom Plaintiff has sought treatment or evaluation within the past ten years.

2.  Plaintiff shall produce for Tyco a complete copy of the medical records of Plaintiff's treatment by those mental-health professionals **no later than June 9, 2008.**

3.  If Plaintiff does not produce for Tyco by June 9, 2008, a complete copy of the records of his treatment by the mental-health professionals from whom Plaintiff has sought treatment or evaluation within the past ten years, the Court will permit Tyco to subpoena Plaintiff's records directly from those mental-health

professionals.

IT IS SO ORDERED.

DATED this 7th day of May, 2008.


                                        /s/ Anna J. Brown
                                        _____
                                        ANNA J. BROWN
                                        United States District Judge