IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VINCENT TRAN, | 06-CV-1810-BR |
|       Plaintiff, | OPINION AND ORDER |
| v. | |
| TYCO ELECTRONICS, CORPORATION, A foreign business corporation registered in Pennsylvania, DBA TYCO ELECTRONICS PRECISION INTERCONNECT, | |
|       Defendant. | |

VINCENT TRAN
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

      Plaintiff, *Pro Se*

LEAH S. SMITH
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709


1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

    Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Motion to Reconsider (#103).  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and, having reconsidered the merits of Plaintiff's arguments, the Court adheres to its September 26, 2008, Opinion and Order granting Defendant's Motion for Summary Judgment.

## BACKGROUND

    On July 31, 2007, Plaintiff Vincent Tran filed an Amended Complaint in which he alleged Defendant Tyco Electronics Corporation violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statutes § 659A.030 when it changed Plaintiff's job title, did not select him for the Design Drafter or Drafter positions open in 2004, included the months of October-January in his FY 2005 performance evaluation, and changed his work duties in 2006.  Plaintiff also alleged claims for Intentional Infliction of Emotional Distress (IIED) and negligent infliction of emotional distress (NIED) as well as

a claim for fraud.

On August 17, 2007, Defendant filed a Motion to Dismiss Plaintiff's fraud claim and Plaintiff's claims for violation of Title VII and Oregon Revised Statutes § 659A.030 as untimely and to dismiss Plaintiff's claims for IIED and NEID for failure to state a claim.

On December 7, 2007, the Court issued an Opinion and Order in which it granted Defendant's Motion to Dismiss.  Plaintiff's only remaining claims were against Defendant for violations of § 1981.

On May 27, 2008, Defendant moved for summary judgment as to Plaintiff's claims under § 1981.

On September 26, 2008, the Court issued an Opinion and Order in which it granted Defendant's Motion for Summary Judgment and entered a Judgment dismissing this matter with prejudice.

On October 6, 2008, Plaintiff filed a Motion to Reconsider. On October 24, 2008, Plaintiff filed a Notice of Appeal.

## **STANDARDS**

It is not clear whether Plaintiff intended to bring his Motion to Reconsider under Federal Rule of Civil Procedure 59 or Federal Rule of Civil Procedure 60.

"'Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the

3 - OPINION AND ORDER

district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *Metoyer v. Chassman*, No. 04-56179, 2007 WL 2819300, at *2 (9th Cir. 2007)(quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Similarly, under Rule 60(b) "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004).

Under either Rule, the disposition of a motion for reconsideration is within the discretion of the district court.  *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006).

## DISCUSSION

### I. Jurisdiction

As noted, Plaintiff filed a Notice of Appeal in this matter before the Court had the opportunity to address his Motion to Reconsider.  Federal Rule of Appellate Procedure 4(a) provides if a party files a notice of appeal after the Court enters judgment but before the Court addresses a motion for reconsideration, "the notice becomes effective to appeal a judgment or order, in whole

or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).  Under this rule, therefore, the Court retains jurisdiction to address Plaintiff's pending Motion to Reconsider even though Plaintiff filed a Notice of Appeal.  *B.R. v. Prosser School Dist.*, No. CV-07-5067- FVS, 2008 WL 4682654, at *3 (E.D. Wash. Oct. 21, 2008).

**II.  Motion to Reconsider**

Plaintiff asserts the Court should reconsider its decision granting Defendant's Motion for Summary Judgment because the Court failed to draw all of the inferences in his favor as to the following facts:  (1) Precision Interconnect was acquired by Tyco Electronics rather than Tyco Healthcare, (2) Gary Scott's Fiscal Year 2005 evaluation was completed by Bruce Barney rather than Evelyn King, and (3) King received advice from Defendant's Human Resources Department after the Department received Plaintiff's BOLI complaint.

**A.    Acquisition by Tyco Electronics**

Plaintiff asserts Precision Interconnect was acquired by Tyco Electronics rather than Tyco Healthcare.  Plaintiff asserts the Court should infer from this that Defendant's proffered reason for changing Plaintiff's job title *(i.e.*, that Tyco required all Precision Interconnect employees to be assigned Tyco job titles so they could be placed in Tyco's Human Resources

5 - OPINION AND ORDER

database and payroll system) was false.

Plaintiff alleged Defendant's act constituted discrimination on the basis of Plaintiff's race. As the Court noted in its September 26, 2008, Opinion and Order, however, all of the employees in Plaintiff's department had their job titles changed. Both the job titles of Plaintiff and Gary Scott, a Caucasian male, changed from Design/Drafter to Senior Drafter. The titles of at least two other employees in Plaintiff's department also changed from Designer to Design Drafter. Plaintiff's job duties and rate of pay did not change.

On this record, the Court concludes Plaintiff's assertion that Tyco Electronics rather than Tyco Healthcare purchased Precision Interconnect does not raise an inference that Defendant changed Plaintiff's job title based on his race and it is not sufficient to alter the Court's conclusion that Plaintiff has not established a genuine issue of material fact exists as to the reason for the change in his job title.

### B.   FY 2005 Evaluation

Plaintiff asserts Scott's FY 2005 evaluation was completed by Barney rather than by King. According to Plaintiff, this raises an inference that King's reason for including the months of October 2005 through January 2006 in Plaintiff's FY 2005 evaluation was pretextual as Plaintiff previously argued in his response to Defendant's Motion for Summary Judgment.

Plaintiff, however, did not provide any foundation for the document he relied on to support his assertion that Barney completed Scott's FY 2005 evaluation because the document Plaintiff relies on is actually a misdated copy of Scott's FY 2004 evaluation.

In any event, at summary judgment Defendant submitted undisputed evidence in the form of King's Declaration that she completed Plaintiff's FY 2005 evaluation and that she included the months of October 2005 through January 2006 in the FY 2005 evaluations of all of the employees supervised  by her, including Scott, because she became manager of those employees in October 2005 and she needed to observe their performance in order to accurately evaluate them.  Thus, Plaintiff has not established a genuine issue of material fact exists that King's inclusion of the months of October 2005 through January 2006 in Plaintiff's FY 2005 evaluation was a discriminatory act based on Plaintiff's race.

**C.   King's advice from Human Resources**

Plaintiff asserts there is an issue of fact as to whether King had knowledge of Plaintiff's May 4, 2006, BOLI complaint in December 2006.

As the Court noted in its September 26, 2008, Opinion and Order, King testified in her Declaration that she did not learn about Plaintiff's May 4, 2006, BOLI complaint until

7 - OPINION AND ORDER

July 10, 2007. Plaintiff points to an email from King to Defendant's Human Resources Department in December 2006 in which King inquired how she should respond to Plaintiff's question as to whether he would be receiving a bonus check. The Human Resources Manager responded she would address Plaintiff's concerns. There is not any reference to Plaintiff's BOLI complaint or suggestion that King was advised about or was aware of the BOLI complaint in the email exchange.

Considering this evidence in the light most favorable to the Plaintiff, the Court concludes it is not sufficient to establish a genuine issue of material fact exists that King was aware of Plaintiff's May 4, 2006, BOLI complaint before July 10, 2007.

In summary, the Court concludes on this record that Plaintiff has not produced newly discovered evidence or established the Court committed clear error. Accordingly, the Court adheres to its September 26, 2008, Opinion and Order granting Defendant's Motion for Summary Judgment.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion to Reconsider (#103) and, having reconsidered the merits of the Plaintiff's arguments, the Court adheres to its September 26,

2008, Opinion and Order granting Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED this 10th day of November, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER