IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VINCENT TRAN, | 06-CV-1810-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| TYCO ELECTRONICS, CORPORATION, A foreign business corporation registered in Pennsylvania, DBA TYCO ELECTRONICS PRECISION INTERCONNECT, | |
| Defendant. | |

VINCENT TRAN
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

      Plaintiff, *Pro Se*

LEAH S. SMITH
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709

1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

  Attorneys for Defendant

**BROWN, Judge.**

  This matter comes before the Court on Defendant Tyco Electronics Corporation's Bill of Costs (#105).  For the reasons that follow, the Court awards costs to Defendant in the amount of **$3,085.46**.

## BACKGROUND

  On December 19, 2006, Plaintiff Vincent Tran filed a *pro se* Complaint in this Court in which he alleged Defendant violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statute § 659A.030 when it modified Plaintiff's job duties.  Plaintiff also alleged a claim for intentional infliction of emotional distress (IIED).

  On January 29, 2007, Defendant filed a Motion to Dismiss Plaintiff's claims for violation of Title VII and Oregon Revised Statute § 659A.030 as untimely and Plaintiff's IIED claim for failure to state a claim.

  On April 24, 2007, the Court issued an Opinion and Order granting Defendant's Motion to Dismiss.  Because Plaintiff

2 - OPINION AND ORDER

appeared *pro se*, the Court granted Plaintiff leave to amend his Complaint to attempt to cure the deficiencies identified in the Court's Opinion and Order.

On July 31, 2007, Plaintiff filed an Amended Complaint in which he again alleged Defendants violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statute § 659A.030 when it changed Plaintiff's job title, did not select him for the Design Drafter or Drafter positions open in 2004, included the months of October-January in his FY 2005 performance evaluation, and changed his work duties in 2006. Plaintiff also alleged claims for IIED and negligent infliction of emotional distress (NIED) as well as a claim for fraud.

On August 17, 2007, Defendant filed a Motion to Dismiss Plaintiff's fraud claim and Plaintiff's claims for violation of Title VII and Oregon Revised Statute § 659A.030 as untimely and to dismiss Plaintiff's claims for IIED and NEID for failure to state a claim.

On December 7, 2007, the Court issued an Opinion and Order in which it granted Defendant's Motion to Dismiss.

On May 27, 2008, Defendant moved for summary judgment as to Plaintiff's only remaining claims under § 1981.

On September 26, 2008, the Court issued an Opinion and Order granting Defendant's Motion for Summary Judgment.  On that same day, the Court entered a Judgment dismissing this matter with

3 - OPINION AND ORDER

Case 3:06-cv-01810-BR    Document 116    Filed 01/13/09    Page 4 of 9

prejudice.

On October 9, 2008, Defendant filed a Bill of Costs.

## **STANDARDS**

Absent a showing of circumstances not relevant here, an award of costs is generally governed by federal law. *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum). Accordingly, the Court applies federal law to the issue of awarding costs in this case.

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The court has broad discretion to allow or to disallow a

4 - OPINION AND ORDER

prevailing party to recoup costs of litigation.  The court, however, may not tax costs beyond those authorized by § 1920. *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

### DISCUSSION

Defendant seeks costs of $3,085.46 comprised of court reporter fees, photocopying charges, and fees for an interpreter. Defendant supports its request with the Declaration of Leah S. Freed and an itemized list of the transcripts ordered, the items photocopied, and the cost of the interpreter.

Plaintiff objects to Defendant taxing him for the cost of the interpreter and for the costs of the deposition transcripts.

**I.  Costs for interpreter**.

Defendant requests $448.00 for compensation for an interpreter at Plaintiff's deposition.  Plaintiff objects to the cost of the interpreter on the ground that he told Defendant that he would get his own interpreter for his deposition.

Defendant points to Plaintiff's deposition in which the following exchange occurred:

> Q.  Mr. Tran, you've asked to have a Vietnamese interpreter here today at your deposition; correct?
>
> A.  Correct. . . .  I think it's best to have an interpreter. . . .  Sometimes I do not understand exactly.

5 - OPINION AND ORDER

Pl.s' Dep. at 6-7.  Thus, the record establishes Plaintiff requested an interpreter to properly understand his deposition but Plaintiff did not engage his own interpreter for the deposition.  Thus, Defendant paid for an interpreter.

Costs for interpreters are specifically allowable as taxable costs under § 1920(6).  Accordingly, the Court grants Defendant's request for fees for the interpreter.

**II. Court reporter fees.**

Defendant requests $2,428.25 for court reporters fees incurred in obtaining the transcripts of the depositions of Plaintiff, Gary Scott, Brenda Gillman, and Bruce.  Although Plaintiff asserts these depositions "furnished no helpful information for Tyco's summary judgment," Plaintiff attributed allegedly discriminatory conduct to Barney and referred to Scott as a comparator employee.  In addition, Plaintiff cited to the deposition transcripts of Scott, Gillman, and Barney in his Response to Defendant's Motion for Summary Judgment.  Defendant contends, therefore, that the transcripts of the depositions of Plaintiff, Scott, Gillman, and Barney were necessary to Defendant's preparation of its Reply.

On this record, the Court concludes Defendant properly ordered the transcripts at issue and used them in its defense of this action.  Accordingly, the Court grants Defendant's request for court reporter fees.

**III. This was not a complicated or close case.**

Plaintiff also asserts the Court should not award Defendant costs because this was a complicated and close case.  The Court disagrees.  This case presented standard issues of employment law related to discrimination and retaliation.  In fact, the Court concluded in its Opinion and Order that Plaintiff failed to establish even a *prima facie* case of discrimination or retaliation under § 1981.

Accordingly, the Court declines to deny Defendant its costs on this basis.

**IV.  Plaintiff's ability to pay costs.**

Plaintiff also contends the Court should not require him to pay Defendant's costs because Plaintiff has lost all of his income and does not have financial resources to pay the costs as a result of Plaintiff's "discharge" from Defendant's employment.

Defendant, however, contends Plaintiff voluntarily resigned his employment on April 23, 2008, and he was not discharged from his employment.  Defendant also notes despite Plaintiff's assertion that he does not have the income to pay these costs, Plaintiff has failed to establish that he does not have any other resources to pay his costs in this matter.

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."

7 - OPINION AND ORDER

*Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  The Court's discretion, however, is not unlimited.  A district court must specify appropriate reasons for a refusal to award costs.  *Id.*

To overcome the presumption in favor of awarding costs to the prevailing party, the Court must make specific findings that the "case is not 'ordinary' and . . . it would be inappropriate or inequitable to award costs."  *Id.* at 593.  Appropriate reasons for a district court to deny costs to a prevailing party include the losing party's limited financial resources and any chilling effect a high award of costs might have on future litigants.  *Id.* at 592.  The losing party has the burden to prove that costs should not be awarded based on the party's inability to pay.  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

The Court recognizes a cost of approximately $3,000 can be a steep one for an unemployed individual, but Plaintiff has failed to establish that he does not have sufficient resources to pay Defendant's costs.  In addition, the Court concludes the amount at issue here is not so great as to create a chilling effect on future litigants.  Finally, this record does not include any basis for the Court to exercise its discretion to, in effect, penalize Defendant for Plaintiff's unemployed status.

8 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court awards costs to Defendant in this action in the amount of **$3,085.46**.

IT IS SO ORDERED.

DATED this 12th day of January, 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER