IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VINCENT TRAN,                             06-CV-1810-BR

        Plaintiff,                    OPINION AND ORDER

v.

TYCO ELECTRONICS CORPORATION,
a foreign business
corporation registered in
Pennsylvania, DBA TYCO
ELECTRONICS PRECISION
INTERCONNECT,

        Defendant.


VINCENT TRAN
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

        Plaintiff, *Pro Se*

LEAH S. SMITH
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709


1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

    Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Motion to Set Aside Bill of Cost (#117). For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### BACKGROUND

    On December 19, 2006, Plaintiff Vincent Tran filed a *pro se* Complaint in this Court in which he alleged Defendant violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statute § 659A.030 when it modified Plaintiff's job duties. Plaintiff also alleged a claim for intentional infliction of emotional distress (IIED).

    On January 29, 2007, Defendant filed a Motion to Dismiss Plaintiff's claims for violation of Title VII and Oregon Revised Statute § 659A.030 as untimely and Plaintiff's IIED claim for failure to state a claim.

    On April 24, 2007, the Court issued an Opinion and Order granting Defendant's Motion to Dismiss. Because Plaintiff appeared *pro se*, the Court granted Plaintiff leave to amend his

2 - OPINION AND ORDER

Complaint to attempt to cure the deficiencies identified in the Court's Opinion and Order.

On July 31, 2007, Plaintiff filed an Amended Complaint in which he again alleged Defendant violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statute § 659A.030 when it changed Plaintiff's job title, did not select him for the Design Drafter or Drafter positions open in 2004, included the months of October-January in his FY 2005 performance evaluation, and changed his work duties in 2006. Plaintiff also alleged claims for IIED and negligent infliction of emotional distress (NIED) as well as a claim for fraud.

On August 17, 2007, Defendant filed a Motion to Dismiss Plaintiff's fraud claim and Plaintiff's claims for violation of Title VII and Oregon Revised Statute § 659A.030 as untimely and to dismiss Plaintiff's claims for IIED and NEID for failure to state a claim.

On December 7, 2007, the Court issued an Opinion and Order in which it granted Defendant's Motion to Dismiss.

On May 27, 2008, Defendant moved for summary judgment as to Plaintiff's only remaining claims under § 1981.

On September 26, 2008, the Court issued an Opinion and Order granting Defendant's Motion for Summary Judgment. On that same day, the Court entered a Judgment dismissing this matter with prejudice.

3 - OPINION AND ORDER

On January 13, 2009, the Court issued an Opinion and Order awarding costs to Defendant in the amount of $3,085.46.  On January 20, 2009, Plaintiff filed a Motion to Set Aside Bill of Cost on the grounds that he has filed a Notice of Appeal and he does not have any income to pay the cost bill in this matter.

## DISCUSSION

### I. Plaintiff's appeal does not deprive the Court of jurisdiction to award Defendant costs.

In the Ninth Circuit, district courts have held "[c]osts may be taxed by the district court even though a notice of appeal has been filed."  *Scottsdale Ins. Co. v. Sullivan Properties, Inc.*, CIV No. 04-00550HG-BMK, 2007 WL 4390665, at *1 (D. Haw. Dec. 17, 2007)(citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982), and *Pixion Inc. v. PlaceWare Inc.*, No. C 03-02909, 2005 WL 3955889, at *2 (N.D. Cal. May 26, 2005)).  *See also Fidelity and Guar. Ins. Co. v. Reddy*, No. CIV. S-06-752 WBS GGH, 2008 WL 3126207, at *1 (E.D. Cal. Aug. 6, 2008)(citing *Odnil Music Ltd. v. Katharsis, LLC*, No. 05-0545, 2006 U.S. Dist. LEXIS 68849, at *15 (E.D. Cal. Sept. 22, 2006), and *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995)).  The Court finds these cases persuasive and concludes Plaintiff's Notice of Appeal does not deprive the Court of jurisdiction to resolve Defendant's Bill of Costs.

4 - OPINION AND ORDER

**II.  The Court adheres to its January 13, 2009, decision to award Defendant costs.**

As the Court noted in its January 13, 2009, Opinion and Order, Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  The Court's discretion, however, is not unlimited.  A district court must specify appropriate reasons for a refusal to award costs.  *Id.*

To overcome the presumption in favor of awarding costs to the prevailing party, the Court must make specific findings that the "case is not 'ordinary' and . . . it would be inappropriate or inequitable to award costs."  *Id.* at 593.  Appropriate reasons for a district court to deny costs to a prevailing party include the losing party's limited financial resources and any chilling effect a high award of costs might have on future litigants.  *Id.* at 592.  The losing party has the burden to prove that costs should not be awarded based on the party's inability to pay.  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

In its January 13, 2009, Opinion and Order, the Court recognized a cost of approximately $3,000 can be a steep one for an unemployed individual, but Plaintiff failed to establish that he does not have sufficient resources to pay Defendant's costs.

5 - OPINION AND ORDER

In addition, the Court concluded the amount at issue here is not so great as to create a chilling effect on future litigants. Finally, this record did not include any basis for the Court to exercise its discretion to penalize Defendant, in effect, for Plaintiff's unemployed status.  Plaintiff has not submitted any new evidence of his financial status or authority to support his assertion that the Court should set aside its January 13, 2009, decision.

Accordingly, the Court denies Plaintiff's Motion and adheres to its January 13, 2009, award of costs of $3,085.46 to Defendant.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion to Set Aside Bill of Cost (#117).

IT IS SO ORDERED.

DATED this 3rd day of April, 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER